**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Justin Dwayne Hill,<br><br>Plaintiff,<br><br>v.<br><br>County of Maricopa, et al.,<br><br>Defendants. | No. CV-18-02613-PHX-GMS (MTM)<br><br>**ORDER** |

Pending before the Court are two Motions from Plaintiff: (1Z) Motion for Extension of Time to File Dispositive Motions (doc. 256); and (2) Motion for Leave to Conduct Additional Discovery (doc. 257). The Court discusses each motion in turn.

**I.     Background.**

On August 17, 2018, Plaintiff filed this action (doc. 1.) On September 10, 2018, the Court issued a Screening Order (doc. 5) dismissing Plaintiff's complaint with leave to re-file an Amended Complaint that addressed the deficiencies identified in the Screening Order. On December 6, 2018, Plaintiff filed his First Amended Complaint (doc. 11.) On March 8, 2019, the Court issued an Amended Screening Order (doc. 15) setting forth the claims Defendants were required to answer. On June 5, 2019, the Court issued a Scheduling Order (doc. 39) setting a deadline of October 31, 2019 for all discovery motions and January 29, 2020 for all dispositive motions. The deadline for dispositive motions was later extended to February 28, 2020 (doc. 240.) Since the Court issued its Scheduling Order, Plaintiff has filed a large number of motions. The Court will therefore limit further

discussion of the posture of this case to the current motions pending before the Court.

On February 27, 2020, Plaintiff filed two motions. The first, a Motion for Extension of Time to File Dispositive Motions, seeks an additional indefinite period of time to file dispositive motions in this matter. (Doc. 256 at 2.) The second, a Motion to Reopen Discovery, seeks an order from this Court to allow Plaintiff to obtain discovery as to Sgt. Oakley and DO Corneil Yazzie. (Doc. 257 at 1.)

**II.     Motion to Extend Time to File Dispositive Motions.**

Plaintiff asks the Court to grant him an extension to file dispositive motions "until 30 days after Defendants provide discovery." (Doc. 256 at 2.) Plaintiff asserts that discovery requests filed "almost a year ago" have not been provided to him, even though "Defendants have stated they will be disclosing" the information. (*Id*. at 1.) Plaintiff argues that "the information is needed in order to support my arguments as to why summary judgment is necessary in several of my claims/counts in this matter." (*Id*. at 2.) Plaintiff states that he has been working "overtime" on his motion for summary judgment, and that given the large number of defendants, witnesses, and documents involved in this matter, more time is needed. (*Id*.)

**A**.     **Legal Standard.**

Under Rule 6(b)(1)(A) of the Federal Rules of Civil Procedure, a court may, for good cause, extend the time to meet a deadline "if a request is made, before the original time or its extension expires." Plaintiff's motion was received by the Court on February 27, 2020, one day ahead of the February 28, 2020 deadline. Accordingly, the motion was timely filed before the Scheduling Order deadline.

An extension under Fed. R. Civ. P. 6 is typically granted in the absence of bad faith by the party seeking the extension or prejudice to the adverse party. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010) Extensions are favored so that cases may be resolved on substantive, rather than procedural, grounds. *Id*. at 1258-59. ("[L]ike all the Federal Rules of Civil Procedure, [Rule 6(b)(1)] is to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits.") However, a

court is not required to grant a motion under Rule 6(b)(1)(A) even where good cause is demonstrated, if circumstances warrant a denial. *Tindall v. First Solar Inc.*, 892 F.3d 1043, 1048 (9th Cir. 2018) ("Rule 6 provides that a court *may* grant a motion for good cause, not that it must do so.") (emphasis in original).

Defendants did not file a response to Plaintiff's Motion. Under Rule 7.2(i) of the Local Rules of Civil Procedure, a failure to file a responsive answering memorandum "may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily." However, a court's local rules cannot be read to contravene the Federal Rules of Civil Procedure. *Henry v. Hill Indus., Inc.*, 983 F.2d 943, 949 (9th Cir. 1993). The Court will therefore assess the legal sufficiency of Plaintiff's motions, as well as the relief requested, even in the absence of an answering memorandum.

**B.     Good Cause.**

Plaintiff has not shown good cause exists to grant an indefinite extension of time. Plaintiff's statements regarding unprovided discovery are vague and non-specific; Plaintiff does not identify (1) which discovery requests remain incomplete; (2) which discovery responses by Defendants are in his view inadequate; and, (3) which steps Plaintiff has taken to address the inadequate discovery, both via meet and confer sessions with counsel or via motion before this Court. This information is relevant to whether Plaintiff's motion is made in good faith, to the potential prejudice to Defendants, and to the proper scope of relief. While Plaintiff may understandably not wish to give Defendants advance notice of the content of his arguments on summary judgment, informing the Court which discovery materials remain outstanding would furnish Defendants with no information they do not already possess, given Defendants are the ones Plaintiff asserts failed to meet their discovery obligations.

The extension Plaintiff seeks is similarly non-specific; Plaintiff asks for an extension "until 30 days after Defendants provide discovery." (Doc. 256 at 2.) Without specific examples of discovery documents that have not been provided, Plaintiff could push the deadline for filing his dispositive motion back indefinitely, simply by maintaining that

there are still documents that Defendants have not provided. Plaintiff's request is ultimately too vague to constitute "good cause" to extend indefinitely the time to file a Motion for Summary Judgment. Even though courts are to construe *pro se* filings liberally, the Court is not obligated to supply facts that Plaintiff has not supplied to find good cause exists to extend the deadline. *See Stover v. Corrections Corp. of America*, No. CV-12-00393-EJL, 2014 WL 2890326 *2 (D. Idaho June 24, 2014) ("The first reason [to extend the discovery period] offered by Plaintiff, that Defendants are not appropriately answering her discovery requests, is much too vague to justify extending the discovery period.").

Plaintiff argues that the indefinite extension to file a dispositive motion is necessary because "until Defendants have completed their discovery obligations there's no way I'll be able to provide this Court with sufficient documents to support my motion for Summary Judgment, or to know how much additional time is needed." (Doc. 256 at 2.) Even if Plaintiff does not know the specific nature of every allegedly outstanding document, he does know which types of documents he needs, as well as how those documents will demonstrate he is entitled to summary judgment.[1] Plaintiff has not shown good cause exists to grant an indefinite extension of time to file a dispositive motion.

### C. Risk of Prejudice to Defendants.

The risk of prejudice to the Defendants by extending Plaintiff's time to file is low. Defendants did not file a response in opposition to the motion and have already filed their own Motion for Summary Judgment. While an extension of some length would delay consideration of Defendants' motion, Defendants' motion has not yet been fully briefed, and may not be fully briefed until as late as mid-April.[2] The delay in proceedings by allowing Plaintiff some additional time to file a dispositive motion is minimal, and outweighed by the strong policy in favor of resolving cases on the merits. Therefore,

---

[1] The Court also notes that, while Plaintiff did file a contemporaneous Motion to Reopen Discovery (doc. 257), he did not file a motion to compel discovery. This is an important distinction, because here Plaintiff is asserting that Defendants have not provided him with documents he is entitled to.

[2] Plaintiff's Response to Defendants' Motion for Summary Judgment is due on April 2, 2020. Any reply Defendants' choose to file would not be due until fifteen (15) days later, on April 17, 2020.

- 4 -

Defendants face only minimal prejudice by granting a brief, finite extension for Plaintiff to file his dispositive motion.

### D. Conclusion.

As explained above, the Federal Rules of Civil Procedure favor resolving cases on their merits. The Court recognizes that it "has a duty to ensure that *pro se* litigants do not lose their right to a hearing on the merits of their claim due to ignorance of technical procedural requirements." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). But this matter does not involve mere ignorance of some obscure provision of the Federal Rules of Civil Procedure; Plaintiff has instead failed to support his motion for an indefinite extension of time with the sort of specific facts that would demonstrate good cause, even with the relatively minimal prejudice to Defendants' interests.

The Court will not grant Plaintiff the relief he seeks, but in light of the strong predilection in the Federal Rules of Civil Procedure in favor of resolving cases on the merits, the Court will permit Plaintiff to file his motion for summary judgment no later than **April 2, 2020**, the date Plaintiff's Response to Defendants' Motion for Summary Judgment is due. Consistent with LRCiv. 56.1(d), Defendants shall have thirty (30) days from the date of service to respond to Plaintiff's Motion for Summary Judgment, and Plaintiff shall have fifteen (15) days from the date of service of Defendants' Response to file a Reply. The Court is **not** inclined to extend any of these deadlines any further.

### III. Motion to Reopen Discovery.

Plaintiff also seeks to reopen discovery (doc. 257). Plaintiff argues that on February 19, 2020, he received Defendants' Third Supplemental Rule Statement (*see* doc. 244), which according to Plaintiff, named two additional individuals, "DO Sgt. Oakley (A7533) and DO Corneil Yazzie (BO438)" who are "likely to have discoverable information which [Defendants] may use to support [Defendants] defenses to wit." (*Id*. at 1.) Plaintiff states that he requested this information ahead of the October 31, 2019 discovery deadline, but that at that time Defendants stated that other individuals besides Oakley and Yazzie

performed the activities now attributed to the two individuals. (*Id.* at 1-2).[3] Plaintiff states that "[i]f these officers would've been disclosed prior to the close of discovery when I made my original request I would've been able to serve defendants with additional discovery request[s] with attempts to locate more information about these new parties." (*Id.* at 2.) Plaintiff requests that he be given the opportunity "to take additional discovery with any limit this Court may deem necessary." (*Id.*) As with the Motion to Extend Time to File Dispositive Motions, Defendants did not respond.

### A. Legal Standard.

A motion to reopen discovery in a case where a scheduling order has been issued is treated as a motion to modify the court's scheduling order under Fed. R. Civ. P. 16(b)(4). A scheduling order may be modified "only for good cause" and with the leave of the Court. When ruling on a motion to amend a Rule 16 scheduling order to reopen discovery, the Court considers the following factors:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

*United States ex rel. Schumer v. Hughes Aircraft Co.*, 63 F.3d 1512, 1526 (9th Cir. 1995), *vacated on other grounds*, 520 U.S. 939 (1997).

### B. Analysis.

The Court concludes the balance of factors weighs against reopening discovery. As not every factor leads to the same conclusion or is given the same weight, the Court reviews each factor individually.

---

[3] Plaintiff does not identify in his motion who Defendants originally stated performed those "activities" or what those "activities" are.

### 1. Whether Trial is Imminent.

The first factor, whether trial is imminent, leans in favor of reopening discovery. In its original Scheduling Order (doc. 39), the Court left the date of trial indefinite, and has not set a date since. Accordingly, trial is not imminent in this matter.

### 2. Whether the Request is Opposed.

The second factor—whether the moving party's request is opposed—weighs in favor of reopening discovery. Defendants elected not to file a response in opposition to the motion. Therefore, the request is not opposed.

### 3. Whether the Non-Moving Party Would be Prejudiced.

The third factor—whether the non-moving party would be prejudiced—weighs against reopening discovery. Defendants have already filed their Motion for Summary Judgment (doc. 254), and reopening discovery would delay consideration of Defendants' motion. Reopening discovery would constitute a much more significant delay in resolving this matter, as the parties would need time to draft their requests, prepare their answers, litigate any additional discovery motions, and re-file any dispositive motions. Reopening discovery at this stage after Plaintiff has had the opportunity to view Defendants' Motion for Summary Judgment would also prove prejudicial, as Defendants would not receive the same opportunity. Accordingly, Defendants would be prejudiced by reopening discovery.

### 4. Diligence in Obtaining Discovery.

The fourth factor—whether the moving party was diligent in attempting to obtain discovery—weighs against reopening discovery. As the Court recognized in its November 19, 2019 Order (doc. 174), Plaintiff had multiple opportunities to satisfy the meet and confer requirement for discovery disputes under LRCiv. 7.2(j) and chose not to avail himself of those opportunities. (Doc. 174 at 1.) Failure to comply with meet and confer requirements can constitute grounds for summary denial of a discovery motion. *Rogers v. Giurbino*, 299 F.R.D. 469, 476-78 (S.D. Cal. 2012). Plaintiff should not receive a windfall by getting another chance at obtaining discovery after failing to observe the procedural requirements the first time. *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1027

(9th Cir. 2006) ("Attempting to secure discovery after a discovery cutoff date does not cure a party's failure to conduct diligent discovery beforehand."). Plaintiff was not sufficiently diligent of the procedural and practical requirements to justify reopening discovery.

### 5. Foreseeability of Additional Discovery.

The fifth factor—the foreseeability of the need for additional discovery—weighs against reopening discovery. The parties each completed multiple rounds of discovery and were continuing to engage in discovery right before the October 31, 2019 deadline. As described above, Plaintiff had multiple opportunities to confer with Defendants to arrange an extended discovery deadline and chose not to follow procedural requirements. It was abundantly foreseeable by the time the deadline was approaching that more discovery time might be necessary or desirable for Plaintiff.

While the balance of this factor ultimately weighs against reopening discovery, the Court does note that both parties continued to exchange discovery responses after the October 31, 2019 deadline passed. (*See, e.g.*, Docs. 225, 244, 258, 263.) Defendants are not entirely blameless for the continued exchange of information after the deadline. However, Defendants should also not be punished for continuing to provide Plaintiff with discovery even though Defendants would have been permitted under the discovery rules to cease doing so after October 31, 2019.

### 6. Likelihood of Relevant Evidence.

The sixth factor—the likelihood that the discovery will lead to relevant evidence—weighs against reopening discovery. At least sixty-nine (69) discovery exchanges have taken place in this matter. Six officers have already filed declarations. (Doc. 254-1, Index of Exhibits at 1-2). Thousands of pages of documents have been exchanged between the parties. The sheer volume of discovery already exchanged reduces the likelihood that additional discovery will lead to new, relevant evidence.

Plaintiff fails to identify with any degree of particularity what information Oakley and Yazzie may possess that is not already obtainable elsewhere. It is the moving party's burden to establish what new information will be obtained by reopening discovery. *See*

*First Nat. Bank of Ariz. v. Cities Service Co.*, 391 U.S. 253, 294 (1968) ("we think that a burden should indeed be placed on the party […] to show a significant likelihood that discovery of the other defendants would produce evidence different from that obtained thus far."); *see also Schumer*, 63 F.3d at 1526-27. In his motion, Plaintiff states that he sought discovery of the individual officers so that he may have "discovered information concerning their *possible involvement* and/or testimony concerning the claims in this matter." (Doc. 257 at 1.) (emphasis added). Of course, Plaintiff cannot be expected to know the precise contours of Oakley and Yazzie's testimony. But Plaintiff must be able to articulate what previously uncovered evidence Oakley and Yazzie might reasonably be expected to provide, as well as how that evidence is material to the central dispute in this case. *See, e.g., Thomas v. Kuo*, No. CV 16-00524-DAD-EPG (PC), 2018 WL 4786923 (E.D. Cal. Oct. 3, 2018) (reopening discovery after plaintiff requested specific dental records in a medical malpractice action). Without such information, the discovery process risks devolving into a fishing expedition.[4] Plaintiff has not shown that reopening discovery is likely to lead to relevant evidence.

### G. Conclusion.

Having considered all six factors, the Court concludes that two factors—whether a trial is imminent and whether the request was opposed—weigh in favor of reopening discovery, while the other four factors weigh against it. The Court also concludes that the sixth factor—the likelihood that discovery will lead to relevant evidence—weighs most heavily of all six factors, given the volume of discovery already exchanged and the noncommittal statements concerning what additional evidence might reasonably be obtained from reopening discovery. The Court therefore denies Plaintiff's motion to reopen discovery.

---

[4] If Plaintiff is asserting that Defendants themselves admitted that Oakley and Yazzie "are likely to have discoverable information," it is Plaintiff's responsibility to make that point explicitly, and to include or reference relevant evidentiary support if it is available. This is particularly important in the context of discovery documents, where the Court does not receive the actual materials exchanged during discovery. The Court can order discovery documents be produced for its review, but only with sufficient information to conclude that those documents need to be reviewed.

**IT IS ORDERED**:

1. Plaintiff's Motion for Extension of Time to File Dispositive Motions (doc. 256) is **granted in part**. Plaintiff shall have until **April 2, 2020** to file his Motion for Summary Judgment. Consistent with LRCiv. 56.1(d), Defendants shall have thirty (30) days from the date of service to respond to Plaintiff's Motion for Summary Judgment, and Plaintiff shall have fifteen (15) days from the date of service of Defendants' Response to file a Reply.

2. Plaintiff's Motion to Reopen Discovery (doc. 257) is **denied**.

Dated this 17th day of March, 2020.

Honorable Michael T. Morrissey
United States Magistrate Judge