**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Justin Dwayne Hill, | No. CV-18-02613-PHX-GMS (MTM) |
| Plaintiff, | **ORDER** |
| v. | |
| Maricopa County Sheriff's Office, et al., | |
| Defendants. | |

Pending before the Court are two Appeals of Magistrate Judge Decisions by Plaintiff Justin Dwayne Hill. (Doc. 340); (Doc. 341). For the following reasons, the Appeals are denied.

## BACKGROUND

This case arises from alleged constitutional violations Plaintiff faced while in prison. On June 11, 2020, Plaintiff filed a Motion for Spoliation Sanctions, seeking sanctions for Defendants' failure to preserve several pieces of evidence. (Doc. 309.) On June 15, 2020, Plaintiff filed a Request for Deposition of Detective Lynsay Palmer ("Detective Palmer"). (Doc. 312.) The Magistrate Judge issued an Order denying both motions. (Doc. 322.) On September 11, 2020, Plaintiff appealed the Magistrate Judge's Order. (Doc. 340); (Doc. 341).[1]

---

[1] Defendants object to the timeliness of Plaintiff's appeals. A party may serve and file objections to a magistrate judge's order within 14 days after being served with a copy. Fed. R. Civ. P. 72(a). On August 25, 2020, this Court granted Plaintiff an extension, ordering that objections to a non-dispositive order by a magistrate judge be filed within 14 days of

**DISCUSSION**

**I.     Standard of Review**

A district court may review a magistrate judge's ruling on a "pretrial matter not dispositive of a party's claim or defense." Fed. R. Civ. P. 72(a). For pretrial orders, a district court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.*; *see also* 28 U.S.C. § 636(b)(1)(a) (providing that a district court may reconsider a pretrial matter where "the magistrate judge's order is clearly erroneous or contrary to law"). The clearly erroneous standard applies to findings of fact and the contrary to law standard applies to legal conclusions. *See Wolpin v. Philip Morris Inc.*, 189 F.R.D. 418, 422 (C.D. Cal. 1999). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing [body] on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Concrete Pipe & Prods. of Cal. Inc. v. Constr. Laborers Pension Tr. for S. Cal.*, 508 U.S. 602, 622 (1993) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Jadwin v. Cty. of Kern*, No. CV-F-07-026 OWW/TAG, 2008 WL 4217742, at *1 (E.D. Cal. Sept. 11, 2008) (quoting *DeFazio v. Wallis*, 459 F. Supp. 2d 159, 163 (E.D.N.Y. 2006)). In reviewing a non-dispositive pretrial order, in no event may the district court "simply substitute its judgment for that of the deciding court." *Grimes v. City & Cty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991). Both the motion for sanctions and the request to depose witnesses are non-dispositive matters subject to the "clearly erroneous or contrary to law" standard of review. *See Rockwell Int'l, Inc. v. Pos-A-Traction Indus., Inc.*, 712 F.2d 1324, 1325 (9th Cir. 1983); *Mata v. Owens & Minor*, No. C 04-0322 MMC ARB, 2005 WL 774833, at *1 (N.D. Cal. Apr. 5, 2005).

---

the service of the order. (Doc. 388 at 1.) As Plaintiff asserts he did not receive the Court's order granting an extension until August 28, 2020, his deadline to appeal the magistrate judge's non-dispositive orders was September 11, 2020. Plaintiff filed within this timeframe. (Doc. 340); (Doc. 341).

**II.   Analysis**

**A.  Motion for Sanctions for Spoliation**

Spoliation is the "destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence, in pending or future litigation." *Kearney v. Foley & Lardner, LLP*, 590 F.3d 638, 649 (9th Cir. 2009) (internal quotation omitted). A party seeking sanctions for spoliation of evidence must prove: "(1) the party having control over the evidence had an obligation to preserve it when it was destroyed or altered; (2) the destruction or loss was accompanied by a 'culpable state of mind;' and (3) the evidence that was destroyed or altered was 'relevant' to the claims or defenses of the party that sought the discovery of the spoliated evidence." *Pettit v. Smith*, 45 F. Supp. 3d 1099, 1104 (D. Ariz. 2014) (quoting *Goodman v. Praxair Servs., Inc.*, 632 F. Supp. 2d 494, 509 (D. Md. 2009)); *see Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 220 (S.D.N.Y. 2003).

The Magistrate Judge's order denying Plaintiff sanctions for spoliation was not clearly erroneous or contrary to law. First, there was no clear duty to preserve. "A duty to preserve information arises when a party knows or should know that the information is relevant to pending or future litigation." *Pettit v. Smith*, 45 F. Supp. 3d 1099, 1105 (D. Ariz. 2014). Plaintiff offers no authority suggesting such a duty existed here. Although some district courts have held that an acquittal places a defendant on notice that there could be a subsequent civil case, *see Khatabi v. Bonura*, No. 10 CIV. 1168 (ER), 2017 WL 10621191, at *6 (S.D.N.Y. Apr. 21, 2017), there is no similar Ninth Circuit mandate. Absent authority creating an obligation to preserve criminal evidence after an acquittal, the Magistrate Judge's decision that no such duty arose was not clearly erroneous or contrary to law.

Second, there was no clearly established culpable mental state. Plaintiff alleges that Defendants' conduct was at least negligent because they violated their own policies by failing to preserve information from his criminal case. The policy Plaintiff cites, however, proves little about Defendants' state of mind. It provides: "Electronic storage media which is being used in a criminal investigation shall be impounded as evidence." Maricopa

County Sheriff's Office Policy and Procedures, DB-3, Security Surveillance Systems (2016), https://www.mcso.org/documents/Policy/Detention/DB-3.pdf. There is no indication this rule applies to the facts at hand because the Plaintiff initiated his case after he was acquitted of a criminal charge. Rather, absent an ongoing criminal investigation, the Policy specifies that "[a]ll media shall be maintained for a timeframe that does not exceed the system storage capabilities. This generally equates to approximately 60 days." *Id.* Given the terms of the policy don't require preservation after the close of an investigation, Defendants' failure to preserve video footage of the incident does not establish a culpable mental state. Plaintiff offers no other support for his contention that Defendants "clearly destroyed the evidence which wasnt [sic] in their favor." The Magistrate Judge's determination that there was no showing of a culpable state of mind is therefore not clearly erroneous or contrary to the law.

Finally, denial of Plaintiff's Motion for Leave to File a Reply was not contrary to the law. Plaintiff moved to file a reply after the Court had already ruled on the Motion for Sanctions. Any subsequent filing addressing that Motion would therefore have been moot. *See, e.g.*, *United States v. Ballard*, No. 2:05-CR-0168-JAM-CMK, 2017 WL 3670929, at *1 (E.D. Cal. Aug. 25, 2017) (finding that because an incarcerated Plaintiff sought to file a reply after the court had already ruled on the motion, the request was moot); *Fernandez v. Cox*, No. 3:14-CV-0578-MMD-VPC, 2016 WL 3456914, at *1 (D. Nev. June 20, 2016) ("Plaintiff's motion fails to establish the necessary elements to receive an adverse inference ruling that defendants despoiled evidence in this case. . . . The court requires no further brief in reply; therefore, plaintiff's motion for an extension of time to file a reply . . . is DENIED as moot."); *Xabandith v. Jacquez*, No. CIV S-09-2550 LKK, 2011 WL 1114461, at *1 (E.D. Cal. Mar. 28, 2011) (adopting a report and recommendations and finding a pending request to extend the deadline to file a reply moot).

### B. Request to Depose Detective Palmer

Rule 31(a)(3) dictates the procedure for written depositions:

> A party who wants to depose a person by written questions must serve them on every other party, with a notice stating, if known, the deponent's name and address. If the name is unknown, the notice must provide a general description sufficient to identify the person or the particular class or group to which the person belongs. The notice must also state the name or descriptive title and the address of the officer before whom the deposition will be taken.

Fed. R. Civ. P. 31(a)(3). Plaintiffs are also responsible for the costs of the deposition: "[t]o obtain a deposition upon written questions, the prisoner is responsible to pay the witness fee, deposition officer fee, court reporter fee, and the cost of the deposition transcript." *Picozzi v. Clark Cty. Det. Ctr.*, No. 215CV00816JCMPAL, 2017 WL 4678472, at *4 (D. Nev. Oct. 16, 2017). Courts routinely decline requests to depose witnesses which do not meet these requirements. *See, e.g.*, *Rozenman v. Ryan*, No. CV-18-00222-TUC-RM, 2019 WL 5684200, at *1 (D. Ariz. Nov. 1, 2019) (refusing to construe a filling as a motion to compel the witness to testify at a Rule 31 deposition because the plaintiff did not designate the time and place of the deposition, specify the deposition officer, or demonstrate that he could pay the associated costs). Thus, given Plaintiff's request did not specify how he would pay for the deposition or the identity of the officer before whom the deposition would be taken, the Magistrate Judge's denial of his request was not contrary to law.

Plaintiff's objections to the Magistrate Judge's denial are rooted in a misunderstanding of the Rule. Although it is true that "a party must obtain leave of court . . . if the deponent is confined in prison," Fed. R. Civ. P. 31(a)(2), a deponent is "[s]omeone who testifies by deposition" or "[a] witness who gives written testimony for later use in court." *Deponent*, Black's Law Dictionary (11th Ed. 2019). As Plaintiff is not the deponent here, his incarceration does not require leave under Rule 31. He must, however, comply with the other procedural requirements of Rule 31, and it was on those bases that his request was rejected.

## CONCLUSION

For the reasons stated above, Plaintiff's appeals of the Magistrate Judge's order are denied.

**IT IS THEREFORE ORDERED** that Plaintiff's appeal of the Magistrate Judge's

1  Order (Doc. 340) is **DENIED.**

2  **IT IS FURTHER ORDERED** that Plaintiff's appeal of the Magistrate Judge's
3  Order (Doc. 341) is **DENIED.**

4  Dated this 30th day of December, 2020.

*G. Murray Snow*
G. Murray Snow
Chief United States District Judge